## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TAMI L. WILLIAMS,
              Appellant,

          v.

DEPARTMENT OF THE AIR FORCE,
              Agency.

DOCKET NUMBER
SF-0752-12-0072-I-1

DATE: August 14, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Tami L. Williams, Anchorage, Alaska, pro se.

Robert B. Stirk, Esquire, Joint Base Andrews, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1          The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed. For the reasons set forth below, the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

¶2          The administrative judge's February 1, 2012 initial decision, dismissing the appellant's removal appeal as untimely filed, stated that it would become final on March 7, 2012, unless a petition for review was filed with the Board by that date. Initial Appeal File (IAF), Tab 17, Initial Decision (ID) at 1, 5.  The initial decision further informed the appellant of how and where to file the petition for review.  ID at 5-6.

¶3          On May 31, 2014, the appellant electronically filed a document with the Board's Western Regional Office captioned as a request to reopen an appeal dismissed without prejudice.  Petition for Review (PFR) File, Tab 1.  Because there was an initial decision issued in the appellant's removal appeal, the Western Regional Office forwarded the pleading to the Clerk of the Board as a petition for review.  PFR File, Tab 2 at 1.  The Clerk of the Board informed the appellant that the February 1, 2012 initial decision did not dismiss the appeal without prejudice but dismissed the appeal as untimely filed.  *Id.*  The Clerk of the Board further advised the appellant that her petition for review appeared untimely filed and provided her an opportunity to submit the required motion to (1) accept the filing as timely, and/or (2) waive the time limit for good cause, *id.* at 1-2, but the appellant has not responded.

¶4          The Board has denied a waiver of its filing deadline if a good reason for the delay is not shown, even when the delay is brief and the appellant is pro se.  *See Jacks v. Department of the Air Force*, 114 M.S.P.R. 355, ¶ 10 (2010).  In this case, the appellant's delay of approximately 26 months was not brief but was significant.  *See Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 13 (2011) (finding a 7-month delay in filing an appeal was significant).  Moreover, the appellant has not responded to the Clerk's notice regarding timeliness and did not allege facts in her petition for review to otherwise support a finding of good

cause for its untimeliness.  PFR File, Tab 1.  She alleges, rather, that:  (1) she has been looking for another position with the Department of Defense but has not been selected; (2) some unnamed individuals within the agency have been "smearing [her] name"; (3) the agency is advertising her former position at a different location; and (4) her removal was improper.  *Id*. at 3.  These arguments are inapposite to the issue of timeliness.  *See Smith v. Department of the Army*, 105 M.S.P.R. 433, ¶ 7 (2007).  Accordingly, the Board finds no good cause for the filing delay and DISMISSES the petition for review as untimely filed.

¶5        This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the dismissal of the underlying appeal as untimely filed.  5 C.F.R. § 1201.113(b).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.